Beaver Building & Loan Association *v.* B. Frank Bad-
   ders, John B. Potter, Executor of Vianna Lassen
   Badders, deceased, and Mrs. Elvira Hood, terre-
   tenant, who is Appellant.

*Executor's sale—Release of lien by building association—Question for
jury.*

An affidavit of defense, in a suit by a building association, is sufficient
which alleges that, at an executor's sale of the premises subject to the mort-
gage, the authorized attorney of the association announced that the sale
would discharge the mortgage ; that the sale was confirmed ; that the asso-
ciation presented at the audit a claim on the fund which was allowed by
the court and paid by the executor.

Argued May 10, 1897. Appeal, No. 7, April T., 1897, by
terre-tenant, from judgment of C. P. Beaver Co., June T., 1895,
No. 388, in favor of plaintiff, for want of a sufficient affidavit of
defense. Before Rice, P. J., Willard, Wickham, Beaver,
Reeder and Orlady, JJ. Reversed.

Sci. fa. sur mortgage.   Before WILSON, P. J.

The facts sufficiently appear in the opinion of the court.

Judgment for plaintiff for want of a sufficient affidavit of defense for $592.17 with interest.   Terre-tenant appealed.

*Error assigned* among others was entry of judgment for want of a sufficient affidavit of defense.

*Wm. A. McConnel*, with him *John M. Buchanan* and *Lewis W. Reed*, for appellant.—Previous to the Act of 1867, P. L. 43, entitled "An act relating to judicial sales, and the preservation of the lien of mortgages," an orphans' court sale of the real estate of a decedent for payment of debts divested the lien of a first mortgage: Moore v. Shultz, 13 Pa. 98.

The provisions of the third section of the act of March 23, 1867, that the lien of a first mortgage shall not be destroyed by an orphans' court sale, was manifestly intended for the security of the mortgagee, and may be waived by him.   He may consent that the property may be sold discharged of all liens: McClure's Appeal, 37 Leg. Int. 308.

The building and loan association therefore having waived the benefit of the act of 1887, the sale would divest the lien of the mortgage, and Mrs. Elvira Hood having paid to the executor the amount of the purchase money bid at the sale, she cannot now be compelled to pay this mortgage in addition.

*Jere C. Martin*, for appellee.

OPINION BY WILLARD, J., July 23, 1897 :

There is evidently something at the root of this case requiring the careful investigation of a jury.   The question for our consideration is whether there was error on the part of the court below in entering judgment for want of a sufficient affidavit of defense.   The facts set forth in the affidavit and supplemental affidavit must be taken as true.

From the record it appears that on the 18th of May, 1895, the Beaver Building & Loan Association issued a writ of scire facias sur mortgage against B. Frank Badders and John B. Potter, executor of Vianna Lassen Badders, deceased, and Mrs. Elvira Hood, terre-tenant.   The mortgage was a first lien upon

the property of Vianna Lassen Badders, dated May 8, 1889, and recorded in Beaver county in mortgage book 34 at page 126.

By an order of the orphans' court of Beaver county, the property described in the mortgage was sold at orphans' court sale for the payment of the decedent's debts on October 12, 1891, and bid in by Mrs. Elvira Hood for the consideration of $820. The sale was duly confirmed by the court on December 7, 1891. The executor was directed by the court to make, execute and acknowledge a deed for the premises to Mrs. Hood, which was done on the payment of the purchase money on January 9, 1892.

The affidavit of defense if true is a conclusive answer to the writ of scire facias. It avers, inter alia, "that the Beaver Building & Loan Association, by its duly authorized and instructed attorney, did, on the day that the real estate was sold, on the premises in Monaca, in said county, publicly proclaim to all buyers and bidders at said sale that the sale then about to be made would divest the lien of the mortgage upon which the above stated scire facias had been issued; that the affiant, relying on said statement, purchased said land; that the amount due on said mortgage was paid by affiant in full to John B. Potter, the executor of said Vianna Badders, and by him paid to the said Building & Loan Association, as will appear by reference to auditor's report filed in auditor's docket, No. 8, page 343, being at No. 6, June term, 1892, and the proceedings at No. 43, September term, 1894, in the orphans' court of Beaver county; that the duly authorized and instructed attorney for said Beaver Building & Loan Association appeared before the auditor in the distribution of said estate, and had the amount due on said mortgage awarded to said association, and the amount therein awarded being in full of said mortgage was duly paid to the said Beaver Building & Loan Association; that the full amount of said mortgage has been fully paid and satisfied, and that the affiant is not indebted to said association in any sum whatever, as she is informed, believes and expects to prove at the trial of this cause."

. The appellant avers that she purchased the property divested of all liens and if, as averred, the executor paid the money on this mortgage to the appellee, he ought not to be obliged to pay it back to Mrs. Hood. The affidavit was sufficient to prevent judgment and carry the question of payment to the jury, where

it can be ascertained whether the person who has the money in his pocket was duly authorized by the building association (as averred), to receive it or not.

The judgment is reversed and a procedendo awarded.